IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. COOPER, JR. | * | |
|     Plaintiff | * | CIVIL ACTION |
| v. | * | |
| | | NO. 1:09-CV-00346 AMD |
| UNITED AUTO CREDIT CORPORATION | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \*

**MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**

Defendant, United Auto Credit Corporation ("UACC"), by and through its undersigned counsel moves for Leave to Amend its Notice of Removal, and in support states:

1. On January 15, 2009, Plaintiff filed a Complaint in the Circuit Court for Baltimore County. Plaintiff specifically denominated his Complaint as a class action suit against UACC, arising out of the repossession and sale of financed automobiles in the State of Maryland. Plaintiff chose not to specify the amount of damages claimed in his complaint.

2. This Court clearly has original jurisdiction over this matter and pursuant to 28 U.S.C. § 1332(d) and removal is proper because:

    a. This suit purports to be a class action;

    b. Plaintiff alleges that he is a Maryland citizen;

    c. Plaintiff alleges that Defendant is a California citizen; and

    d. The amount in controversy exceeds $5,000,000 [Affidavit of Greg Brawley, Exhibit 2 to the Amended Notice of Removal and Exhibit 1 to Defendant's Memorandum in

Support of Opposition to Motion to Remand.]

3. On February 13, 2009, UACC filed its Notice of Removal, citing as grounds diversity of citizenship under 28 U.S.C. §1332 and 28 U.S.C. §1441. In the Notice of Removal, UACC focused on 28 U.S.C. § 1332(a)(1). However, while removal of this action is governed by the cited sections (28 U.S.C. §§ 1332 and 1441), the governing subsection of 28 U.S.C. § 1332 is subsection (d) which specifically governs diversity-based removal of class actions.

4. On or about March 12, 2009, Plaintiff filed a Motion to Remand, asserting that this Court lacks jurisdiction because the case does not meet § 1332's amount in controversy requirement. Plaintiff asserts that claims under 28 U.S.C. § 1332(a) cannot be aggregated and there is no indication that any single Plaintiff's claim exceeds the $75,000 amount in controversy required under 28 U.S.C. § 1332(b).

5. UACC requests leave to amend its Notice of Removal to clarify that the subsection of 28 U.S.C. § 1332 which expressly governs removal of this class action is 28 U.S.C. § 1332(d). Title 28 § 1332(d) specifically provides that claims of the various class members should be aggregated and that, given even minimal diversity of citizenship, class actions are properly removable if there are indications that the aggregated amount in controversy exceeds $5,000,000.

6. Attached hereto as Exhibit A is UACC's Amended Notice of Removal.

7. The amount in controversy in this class action does, in fact, exceed $5,000,000. See, proposed Amended Notice of Removal and Exhibit 2 thereto.

8. As determined from a review of UACC's books and records, this class action does in fact meet the amount in controversy required for federal diversity jurisdiction over a class

action.  See, Affidavit of Greg Brawley, Exhibit 2 to Amended Notice of Removal and incorporated herein by reference.

9. Allowing the prepared amendment would comport with the stated purposes and explicit wording of the Class Action Fairness Act ("CFA") of 2005, P. C. 109-2, which is codified, in part, in 28 U.S.C. § 1332(d).

10. Allowing the proposed amendment would create no prejudice to Plaintiff. Plaintiff obviously knew, when he filed this suit, that it is a class action.  Further, Plaintiff's counsel was clearly aware of CAFA when the suit was filed, as is evidenced by the citations to CAFA in Plaintiff's Motion to Remand.

11. UACC asserts that referring to subsection (a) of 28 U.S.C. § 1332 rather than the governing subsection (d) is merely a technical defect which has not prejudiced Plaintiff in any way.

12. Fairness and the interests of justice require that removal of this class action lawsuit should be governed by the specific subsection of 28 U.S.C. § 1332 which expressly governs class actions.

13. For these and other reasons stated in UACC's Memorandum in Support of Motion for Leave to Amend Notice of Removal and exhibits, incorporated herein by reference, this Court should grant UACC leave to amend its Notice of Removal.

**WHEREFORE,** Defendant United Auto Credit Corporation respectfully requests that this Court GRANT its Motion for Leave to Amend, and accept for filing the Amended Notice of Removal appended hereto.

        \s\
James A. Johnson (Fed. Bar No. 02293)
Teresa M. Kelly (Fed. Bar No. 09034)
Semmes, Bowen & Semmes, P.C.
25 South Charles Street
Baltimore, Maryland 21201
(410) 539-5040
Attorneys for Defendant United Auto Credit
Corporation

B0883398.WPD